**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 11-06958** |
| | **Chapter 13** |
| **CECILIO GONZALEZ DE JESUS** | |
| **LISA MICHELLE SILVA SAEZ** | **Adversary No. 11-00234** |
| **Debtor(s)** | |
| **GERARDO MALAVE** | |
| **Plaintiff** | |
| **vs.** | |
| **CECILIO GONZALEZ DE JESUS** | |
| **LISA MICHELLE SILVA SAEZ** | |
| | **FILED & ENTERED ON 12/13/2012** |
| **Defendants** | |

## OPINION AND ORDER

Before this court is Plaintiff's Motion for Summary Judgment and subsequent Amended Motion for Summary Judgment [Dkt. No. 21, 23], Defendants' Opposition to Motion for Summary Judgment [Dkt. No. 28], and Plaintiff's Statement of Material Facts not in issue [Dkt. No. 22]. For the reasons set forth below, the Plaintiff's Motion for Summary Judgment is DENIED.

Defendants/Debtors Ceclio Gonzales De Jesus and Lisa Michelle Silva Saez owned the business "Gonzales Kitchen Maderas y Disenos" located at Road 172, Km. 7.6, Cidra, Puerto Rico. Gerardo Malave ("Plaintiff") signed the acceptance of a kitchen work proposal for $18,800 with the

Defendants on July 9, 2008. On that same day, Plaintiff paid $9,400 as a 50% deposit to the Defendants. However, Defendants did not perform the work agreed nor refunded Plaintiff the amount paid.  On September 26, 2008, Plaintiff filed a criminal complaint in the Court of First Instance in San Juan, Puerto Rico. On January 20, 2009, the territory brought an action [criminal case no. KBD2009G-0025] for the Defendants' failure to comply with their obligations to carry out the agreed work [Dkt. No. 22, Exh. D]. On that same day, the territory also brought a misappropriation action [criminal case no. KBD2009G-0026] against the Defendants for misappropriating $9,400 in personal property and preventing the rightful owner from freely enjoying such personal property voluntarily without malicious, criminal, or violent intimidation. [Dkt. No. 22, Exh. E].

On August 17, 2011, Defendants filed a chapter 13 bankruptcy petition, listing Plaintiff's debt as unsecured. On September 9, 2011, Plaintiff filed unsecured Proof of Claim no. 11 ("POC #11") for the amount of $54,400, identified as "non-dischargeable." On October 31, 2011, Plaintiff filed an adversary proceeding requesting POC #11 to be exempted from bankruptcy discharge. Further, Plaintiff filed an informative motion submitting certified English translations of POC #11. Plaintiff's Motion for Summary Judgment and Defendants' Opposition followed.

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Under Federal Rules of Civil Procedure, Rule 56(c), made applicable in bankruptcy by Federal Rules of Bankruptcy Procedure, Rule 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P.

56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges, 605 F.3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in the light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos, 263 B.R. at 388.

Although this perspective is favorable to the nonmoving party, she still must demonstrate, "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Moreover, "[o]n issues where the nonmovant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir.1991).These showings may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990). But, the evidence offered by the nonmoving party "cannot be merely colorable, but must be sufficiently probative to show differing versions of fact which justify a trial." Id. See also Horta v. Sullivan, 4 F.3d 2, 7-8 (1st Cir. 1993) (the materials attached to the motion for summary judgment must be admissible and usable at trial.) "The

mere existence of a scintilla of evidence" in the nonmoving party's favor is insufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); González-Pina v. Rodríguez, 407 F.3d 425, 431 (1st Cir. 2005).

In the summary judgment motion presently before the court, Plaintiff argues that there are no genuine issues as to any material facts and that therefore the moving party is entitled to judgment as a matter of law. The Plaintiff alleges that pursuant to 11 U.S.C. §523(a), the Debtors cannot discharge certain kinds of obligations, including those for money obtained by actual fraud. Specifically, the Plaintiff argues that §523(a)(2), (a)(4) and (a)(6) prevent Debtors from discharging debts resulting from intentional wrongdoings. Plaintiff further argues that collateral estoppel principles apply in non-dischargeable proceedings under the Bankruptcy Code. Therefore, when a judgment of fraud is found by the court of law, there is no requirement to prove the exact act of fraud to have the debts fall under the non-dischargeable provisions of §523(a). Lastly, Plaintiff emphasized that under §523(c)(1), a creditor can contest the dischargeability of the debt after a notice and a hearing. Therefore, even though the Rooker-Feldman doctrine does not allow lower federal courts other than the U.S. Supreme Court to sit in direct review of state court decisions without Congress's specific authorization, the doctrine does not apply when the bankruptcy court hears an action that is within its original but not exclusive jurisdiction.

In opposition, Defendants argue that their debt to the Plaintiff is dischargeable because the Plaintiff did not reduce their fraud claims to judgment. More specifically, the Puerto Rico Court did not award Plaintiff the claimed $54,000 nor did it impose restitution. In response to the collateral estoppel doctrine, Defendants argue that this doctrine does not apply to this case because the Defendants' guilty pleas in the two above referenced criminal cases do not bar them from putting

forth evidence of their own. Therefore, the criminal pleas are insufficient to fulfill the judgment rendered requirement. Lastly, Defendants argue that because their discharge will be in accordance with § 1328(a), only §523(a)(1)(B)-(C), (2)-(5), and (8)-(9) apply. More specifically, the Defendants point out that §523(6) does not apply since they are not seeking a hardship discharge under §1328. Conclusively, the Defendants argue that whether they acted with the intent to defraud Plaintiff is still a genuine issue of material fact.

After reviewing the arguments of the parties, and the relevant law, this court concludes that there is genuine issue as to material fact and that the moving party is not entitled to judgment as a matter of law.  Under 11 U.S.C. §523(a)(2)(A), a discharge under §1328(b) is not available for "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-- false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition…" 11 U.S.C.A. § 523(a)(2)(A). Thus, §523(a)(2)(A) is clear that any of the three circumstances can activate this non-dischargeable provision, namely false pretenses, a false representation, *or* actual fraud.

In order to establish a debt that is exempt from discharge because of false representation under § 523(a)(2)(A), the creditor must establish that: "(1) the debtor made a false representation of fact (2) which the debtor (a) either knew to be false or made with reckless disregard for its truth and (b) made with an intent to deceive; and (3) the creditor justifiably relied on the false representation." In re Hanson, 428 B.R. 475, 485-86 (Bankr. N.D. Ill. 2010).

Additionally, this Circuit established a test for the defendant's state of mind at the time of an alleged fraud: "If, at the time he made his promise, the debtor did not intend to perform, then he has made a false representation (false as to his intent) and the debt that arose as a result thereof is not

dischargeable (if the other elements of § 523(a)(2)(A) are met). If he did so intend at the time he made his promise, but subsequently decided that he could not or would not so perform, then his initial representation was not false when made." Palmacci v. Umpierrez, 121 F.3d 781, 787 (1st Cir. 1997).

Because direct evidence of the defendant's state of mind at the time of an alleged fraud rarely exists, any finding as to fraudulent intent of a defendant or intent to deceive must usually be established by circumstantial evidence. In re Mukhi, 254 B.R. 722, 729-30 (Bankr. N.D. Ill. 2000); In re Wien, 155 B.R. 479, 488 (Bankr.N.D.Ill.1993); In re Roberts, 82 B.R. 179, 184 (Bankr.D.Mass. 1987). As guided by this Circuit, the factual question to be determined by the trier of fact is not whether the Defendants knew or should have known that they will not be able to complete the contractual obligations, but whether in good faith they intended to keep their promise. The reason for this inquiry is because "[a] finding that a debt is non-dischargeable under § 523(a)(2)(A) requires a showing of actual or positive fraud, not merely fraud implied by law." Palmacci v. Umpierrez, 121 F.3d 781, 788 (1st Cir. 1997) (citing In re Anastas, 94 F.3d at 1286 & n. 3 (emphasis added)); 124 Cong. Rec. H11089 (Sept. 28, 1978) (statement of Rep. Edwards), reprinted in 1978 U.S.C.C.A.N. 5787, 6436, 6453 ("Subparagraph (A) is intended to codify current case law ... which interprets 'fraud' to mean actual or positive fraud rather than fraud implied in law")).

Regardless, even if fraud cannot be implied in law, it can still be inferred as a matter of fact. This Circuit eloquently stated that "[t]he finder of fact may infer[ ] or imply[ ] bad faith and intent to defraud based on the totality of the circumstances when convinced by a preponderance of the evidence. Among the circumstances from which [intent] scienter may be inferred are: the defendant's insolvency *or* some other reason to know that he cannot pay, his repudiation of the promise soon

after made, *or* his failure even to attempt any performance." <u>Palmacci v. Umpierrez</u>, 121 F.3d 781, 789 (1st Cir. 1997) (citing <u>In re Anastas</u>, 94 F.3d at 1286 n. 3).

In this instant case, the Plaintiff failed to establish Defendants' bad faith or fraudulent intent required for § 523(a)(2)(A). The Plaintiff contends that the Defendants made a factual representation to fulfill the contractual obligations, as per the contract between the parties[1] and that these contractual obligations were not fulfilled nor were there any advance notices or remedial measures taken to fulfil such obligation. Nonetheless, the docket revealed that the Defendants have indeed attempted to perform and execute the contract in signaling their good faith progress to complete the contracted project. Moreover, the Plaintiff noted that the Defendants failed to refund the deposited amount to the Plaintiff. However, such act accompanied with some performance from the Defendants is insufficient to establish intent to defraud or bad faith.

Lastly, the Plaintiff contends that the Defendants' two criminal cases as referenced above serve as strong evidence of bad faith and fraudulent intent since the Defendants did not actively dispute their false factual representation with the Superior Court. More specifically, Defendants did not dispute the "illegal, voluntary, malicious, and criminal" charges brought forth by the prosecutor. Consequently, the Superior Court took these charges as represented by the prosecutor and sentenced the Debtors. Therefore, the Plaintiff argues that these criminal charges serve as adequate foundations for collateral estoppel doctrine to apply in non-chargeable proceedings under the Bankruptcy Code.

Under 28 U.S.C. § 1738 or the full faith and credit statute, the preclusive effect of a state court judgment in a subsequent nondischargeability proceeding under federal bankruptcy law is

---

[1] The Defendants agreed to "furnish the materials and perform the labor necessary to complete the following job" for an exchanged consideration of $18,000 to be paid in three installations: 50% deposit, 25% first installation and 25% second installation [Dkt. No. 22, Exh. A].

governed by the collateral estoppel law of the state from which the judgment is taken. In re Bradley, 466 B.R. 582, 586 (B.A.P. 1st Cir. 2012) (quoting Stowe v. Bologna (In re Bologna), 206 B.R. 628, 630–31 (Bankr.D.Mass.1997)); see also In re Woodford, 418 B.R. at 650. "The party asserting the doctrine has the burden of proving that all of the threshold requirements have been met.... To meet this burden, the moving party must have pinpointed the exact issues litigated in the prior action and introduced a record revealing the controlling facts." In re Bradley, 466 B.R. 582, 586 (B.A.P. 1st Cir. 2012) (quoting Honkanen v. Hopper (In re Honkanen), 446 B.R. 373, 382 (9th Cir. BAP 2011).

In the Commonwealth of Puerto Rico, a party seeking to invoke the doctrine of collateral estoppel must establish that (1) the issue sought to be precluded in the later action is the same as that involved in the earlier action;  (2) the issue was actually litigated;  (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment. Mercado Velazquez v. COSVI, 2012 WL 682374 (P.R. Cir. Jan. 31, 2012). Moreover, the Puerto Rico Supreme Court established that a guilty plea is inadmissible as conclusive evidence of facts in a subsequent civil action. Maysonet v. Granda, 133 D.P.R. 676, 679-80 (1993).  In the present motion, the Plaintiff failed to provide sufficient evidence to adequately satisfy the burden as required above and consequently, the Plaintiff cannot be warranted  a judgment as a matter of law.

This Court also deems necessary to clarify on the difference between collateral estoppel and *res judicata*. Under *res judicata* or claim preclusion, a final judgment on the merits of an action precludes the parties and their privies from relitigating the same issues that were or could have been raised in that action. Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (citation omitted). *Res judicata* is fundamentally different than collateral estoppel or issue preclusion, where "once a court has decided an issue of fact or law necessary to its judgment, that

decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Id. (citation omitted); see also Oficinas Medicas, Inc. v. Feliciano de Melecio, 47 F. Supp. 2d 174, 178 (D.P.R. 1999). "Res judicata, when the suit is between the same parties and concerns the same operative nucleus of fact, is of broader scope [than collateral estoppel] and bars issues even if unlitigated." Lovely v. Laliberte, 498 F.2d 1261, 1263 (1st Cir.1974), cert. denied 419 U.S. 1038, 95 S.Ct. 526, 42 L.Ed.2d 316 (emphasis added).

Summarily, the Defendants presented sufficient evidence to demonstrate that their fraudulent intent is a genuine issue of fact in dispute for a trial. Because a genuine issue of fact is still unresolved, the court will not address further into the merits of the case prior to the trial.

WHEREFORE, IT IS ORDERED that the Plaintiff's Motion for Summary Judgment shall be, and it hereby is, DENIED. Clerk to schedule a final pretrial hearing together with the confirmation of the plan in the legal case.

In San Juan, Puerto Rico this 13th day of December, 2012.

Brian K. Tester
U.S. Bankruptcy Judge